# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAYMOND H. SIMER, # S-06550, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 18-cv-2137-NJR |
| JOHN VARGA, Warden, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

In 2007, Petitioner Raymond H. Simer was convicted of three counts of predatory criminal sexual abuse of a child following a bench trial in Marion County, Illinois (Case No. 06-CF-239). He was sentenced to three consecutive 12-year terms and is now in custody at Dixon Correctional Center.

On December 3, 2018, Simer filed this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254, grounded on several allegations of ineffective assistance of counsel. (Doc. 1). The Court ordered a response, but noted that Simer's claims could prove to be untimely or unexhausted given the contradictory dates and information in the Petition. (Doc. 3, p. 2).

This matter is now before the Court on Respondent's Motion to Dismiss (Doc. 9), arguing the Petition is time-barred. Simer responded to the motion (Doc. 11) and supplemented his response (Doc. 12).[1] He subsequently filed a number of additional motions and supplementary documents. These include a Motion for Summary Judgment and supplement (Docs. 16, 18); a

---

[1] The supplement (Doc. 12) consists of a copy of Simer's petition to the Illinois Prisoner Review Board for executive clemency.

1

"Certificate of Innocence" (Doc. 19);[2] a "Memorandum and Order" (Doc. 20); copies of correspondence directed to the Illinois Prisoner Review Board (Docs. 21 & 22); a second Motion for Summary Judgment (Doc. 23); and a Motion to Appoint Counsel (Doc. 24, and duplicate filing at Doc. 25).

## RELEVANT FACTS AND PROCEDURAL HISTORY

In view of the timeliness issue raised in Respondent's motion, it is not necessary to recite in detail the facts underlying Simer's conviction. He was found guilty of sexually molesting his then-10-year-old step-granddaughter on three occasions. (Doc. 9-1, pp. 23-28); *People v. Simer*, No. 5-07-0579 (Ill. App. May 13, 2009) (affirming conviction on direct appeal). He has unsuccessfully challenged his combined sentences of 36 years.

After Simer's conviction was affirmed, the Illinois Supreme Court denied his Petition for Leave to Appeal ("PLA") on September 30, 2009. (Doc. 9-1, p. 1); *People v. Simer*, 919 N.E.2d 363 (Ill. 2009) (table). He did not seek further review in the United States Supreme Court. (Doc. 9, pp. 1-2).

On May 3, 2010, Simer filed a *pro se* post-conviction petition in state court, alleging ineffective assistance of counsel. (Doc. 9-1, pp. 32-36); *People v. Simer*, Nos. 5-11-0474 & 5-12-0002 (Ill. App. Jan. 2, 2014). The trial court appointed counsel, who amended and supplemented the petition. (Doc. 9-1, pp. 61-64). That petition was dismissed on the State's motion; Simer appealed and also sought leave from the trial court to file a second post-conviction petition, which

---

[2] The document entitled "Certificate of Innocence" was composed by Simer and apparently filed in his Marion County criminal case. (Doc. 19). It includes a report from a neuropsychological evaluation performed on January 10, 2006, reflecting that Simer sustained several back injuries and had degenerative disk/spine disease which resulted in him being placed on disability in 1995 from his job as a police officer. (Doc. 19, p. 10). He reported having suffered several "mini-strokes" beginning in 2004. *Id*. The examiner found that Simer scored in the average range on some memory tests, but low average and impaired on others, and concluded that he was "experiencing cognitive impairments, which are suggestive of a traumatic brain injury." (Doc. 19, p. 13).

was denied. *Id.* Simer's appeals from both post-conviction matters were consolidated, and on January 4, 2014, the appellate court affirmed the denial of relief. (Doc. 9-1, pp. 58-72). Simer's PLA was denied by the Illinois Supreme Court on March 26, 2014. (Doc. 9-1, p. 37); *People v. Simer*, 5 N.E.3d 1128 (Ill. 2014) (table).

In July 2012, while the above state post-conviction challenge was pending, Simer sought state habeas corpus relief; the trial court denied relief and his appeal was dismissed in 2013. (Doc. 9, p. 2, n.1; Doc. 9-1, pp. 3-4).

Subsequently, in 2015, Simer filed a petition for relief from judgment and sought leave to file another successive state post-conviction petition; the trial court denied relief and the appellate court affirmed. (Doc. 9, p. 3; Doc. 9-2, pp. 2-3, 36-45); *People v. Simer*, No. 5-15-0383 (Ill. App. Ct. Mar. 5, 2018). On June 17, 2018, he filed another state habeas corpus petition, challenging the imposition of consecutive sentences; this effort was likewise unsuccessful. (Doc. 9, p. 3; Doc. 9-2, pp. 12-15); *Simer v. Varga*, No. 5-18-0392 (Ill. App. Ct. Feb. 4, 2019).

## APPLICABLE LEGAL STANDARDS

28 U.S.C. § 2244 creates a one-year limitation period for filing a petition for writ of habeas corpus. Under 28 U.S.C. § 2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" state post-conviction petition. 28 U.S.C. § 2244(d)(2). The one-year statute of limitations is also "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling applies only where the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

**ANALYSIS**

Respondent correctly calculates that Simer's state conviction became "final" within the meaning of Section 2244(d)(1)(A) on December 29, 2009. (Doc. 9, pp. 1-2). On that date, the 90-day time limit expired for Simer to seek Supreme Court review after the Illinois Supreme Court's September 30, 2009 denial of his PLA. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) (conviction becomes final when time to file petition for review by the United States Supreme Court expires, even if such review is not sought). Simer's one-year habeas filing period thus began to run on December 29, 2009, but the clock was stopped after 124 days when he filed his state post-conviction petition on May 3, 2010. (Doc. 9, p. 2). *See* 28 U.S.C. § 2244(d)(2).[3]

Simer's habeas clock began to run again on March 26, 2014, when the Illinois Supreme Court denied his PLA seeking review of the denial of his post-conviction petition. (Doc. 9-1, p. 37). *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (application for state post-conviction review is no longer "pending" once the state court issues its final order). Simer then had 241 days left (365 days minus the 124 days that had previously elapsed) in which to file for federal habeas

---

[3] Section 2244(d)(2) states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

relief; that time ran out on November 22, 2014. Simer did not submit his Habeas Petition for filing until November 20, 2018 (Doc. 1, p. 18) – nearly four years too late. His 2015 attempt to bring a successive post-conviction petition, as well as his 2018 state habeas corpus petition, did not serve to suspend or restart the federal habeas filing deadline which had already expired in November 2014. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("a state proceeding that does not begin until the federal year has expired is irrelevant").

Simer responded to the timeliness issue raised in the Motion to Dismiss by claiming that this Court, by allowing his Petition to proceed, determined that its possible untimeliness was not a bar. (Doc. 11, pp. 1-2). He argues that by directing a response, the Court "allow[ed] the petition to continue knowingly [sic] it was not in a timely manner. This court granted permission for the petition to be accepted and continued." (Doc. 11, p. 2). He continues, "To the best of my knowledge having TBI,[4] the Honorable Judge, Nancy J. Rosenstengel has resolved the issue of claims of untimely filing." *Id.* This is a misreading of the Court's order of January 29, 2019. (Doc. 3).

When ordering Respondent to answer or otherwise plead in response to the Petition, the Court stated: "This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, or *timeliness* argument it may wish to present." (Doc. 3, p. 2) (emphasis added). The Court continued in a footnote, "given the contradictory dates and information in his Petition, Simer's claims may well be untimely, or he may not have exhausted all of his claims presented in his current Petition. The Court will allow the Petition to proceed, however, in order to fully develop the record as to Simer's attempts at exhausting his claims."

---

[4] Traumatic Brain Injury. Petitioner asserts that he sustained brain injury as a result of events during his former employment. (Doc. 11, p. 2).

(Doc. 3, p. 2, n.22[5]). Nowhere in this Order did the Court make any determination on the timeliness or untimeliness of the Petition or on its merits. Instead, the Order directed a response and specified that Respondent may raise the issue of the timeliness of Simer's filing, as well as the defenses of waiver and/or exhaustion.

Simer's reply further noted, "If something is untimely it is due to the memory loss from the job related accidents in his former occupation in Law-Enforcement." (Doc. 11, p. 3). Liberally construing this statement, Simer suggests the possibility that his federal habeas filing deadline might be extended by equitable tolling based on his alleged condition.

Equitable tolling is "an extraordinary remedy that is 'rarely granted.'" *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) (quoting *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010)). In order for equitable tolling to apply, a petitioner must demonstrate diligent pursuit of his rights, and identify some extraordinary circumstance that prevented him from timely filing his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The habeas petitioner has the burden to establish both of these factors. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).

Mental incompetence or illness may, in some cases, provide grounds for equitable tolling. *See Davis v. Humphreys*, 747 F.3d 497 498-99, (7th Cir. 2014). The Seventh Circuit also observed that "mental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Obriecht v. Foster*, 727 F.3d 744, 750-51 (7th Cir. 2013). The *Davis* court rejected the proposition that "anyone whose [mental] shortcomings play a causal role in a delayed filing is entitled to tolling." The court reasoned:

> If that were the law, . . . then almost everyone who failed to meet a statutory deadline would be entitled to tolling, and statutes of limitations would be

---

[5] The footnote was erroneously numbered as note "22" when in fact it was only the 2nd footnote in the document.

> eviscerated. Most people who file too late do so because they don't realize that they have potentially sound legal claims or do not know what deadline applies to those claims. Many persons of normal intellect are unable to cope with the legal system.

*Davis*, 747 F.3d at 499.

As noted above, Simer's Petition was filed nearly four years after his federal filing deadline expired. He offers no explanation for why he did not file it earlier, nor does the record demonstrate that he diligently pursued federal habeas relief. The records filed by Respondent reflect that Simer submitted some correspondence to the state trial court while his habeas filing period was still open (between March 26, 2014 and November 22, 2014). (Doc. 9-2, p. 3). He made no further attempt to challenge his conviction until months later, however, when in June 2015 he filed what the state court construed as a successive post-conviction petition. (Doc. 9-2, pp. 2-3; 37-45). He tried again in June 2018 with a state habeas corpus petition, without success. (Doc. 9-2, pp. 12-15). Only after the state court rejected that petition did Simer turn to this Court, filing his Habeas Petition in December 2018. (Doc. 1). While Simer made repeated attempts to seek redress in state court, he did not diligently pursue federal relief, and the fact that he was able to prepare various *pro se* applications for relief in 2015 and 2018 suggests that he also had the ability to do so before his habeas deadline expired in November 2014.

Simer's claim that his "memory loss" prevented him from discerning the applicable time limit to seek federal habeas relief does not convince the Court that equitable tolling should excuse his nearly four-year delay. His alleged memory impairment did not prevent him from managing to launch the 2015 attack on his conviction some months after his federal filing window closed. *See Obriecht*, 727 F.3d at 750-51. Further, the record in his case discloses that Simer's attempts to raise his mental fitness failed in the trial court, which found (based on an expert's report) that nothing in Simer's medical records supported his claim to have suffered strokes or a traumatic

7

brain injury. (Doc. 9-2, pp. 19, 23-24, 30-31, 38).

Instead, Simer's pleadings indicate that he merely failed to understand the federal habeas filing requirements. (Doc. 1, p. 7).[6] A lack of awareness of the applicable habeas deadline is the type of "garden variety" hindrance that does not suffice to justify equitable tolling. *Obriecht*, 727 F.3d at 749; *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013) ("Lack of familiarity with the law . . . is not a circumstance that justifies equitable tolling."); *Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010) (negligence and mistake in calculating filing deadline do not constitute extraordinary circumstances).

For these reasons, Respondent's Motion to Dismiss Simer's Petition as untimely (Doc. 9) shall be granted.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

---

[6] Simer responded "N/A" to the form petition's instruction to explain why the one-year time limit did not bar his petition if his judgment of conviction became final more than one year ago. (Doc. 1, p. 7).

Here, no reasonable jurist would find it debatable whether this Court's ruling on the issue of timeliness of the Habeas Petition is correct. Accordingly, the Court denies a certificate of appealability.

Petitioner may reapply for a certificate of appealability to the United States Court of Appeals, Seventh Circuit. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

## DISPOSITION

Respondent's Motion to Dismiss the Habeas Corpus Petition as untimely (Doc. 9) is **GRANTED**. All other pending motions are **DENIED AS MOOT**. This action is **DISMISSED with prejudice**.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion

for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED: January 7, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**